UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60041-MC-RUIZ/STRAUSS

MATTHEW ORSO AS SUCCESSOR TRUSTEE
TO KENNETH D. BELL IN HIS CAPACITY AS
COURT-APPOINTED RECIEVER FOR REX
VENTURE GROUP, LLC,

    Plaintiff,

v.

GUILENE MAJUSTE,

    Defendant.

And

BB&T Bank

    Garnishee.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon Plaintiff's Motion for Final Judgment in Garnishment ("Motion"). (DE 22). This case has been referred to me by the District Court for rulings on all pre-trial, non-dispositive matters and for issuance of a Report and Recommendation on any dispositive matters. (DE 30). Being otherwise duly advised, I respectfully **RECOMMEND** that the Motion (DE 22) be **GRANTED** for the reasons stated herein.

Plaintiff obtained a $12,014.80 judgment against Guilene Majuste ("Defendant") in the Western District of North Carolina on August 14, 2017. (DE 1). On January 6, 2022, Plaintiff registered that judgment in this Court. *Id.* In accordance with Florida Statutes 77.03, Plaintiff requested the issuance of a Writ of Garnishment ("Writ") against the assets of Defendant, in the custody of BB&T Bank ("Garnishee"). (DE 3). Garnishee filed an Answer to the Writ on January

19, 2022 indicating that the Defendant had a total of $1,902.67 in her account. (DE 12). Plaintiff served Defendant with a copy of Garnishee's Answer and a notice advising her that she must move to dissolve the Writ within 20 days if any allegation was incorrect. (DE 13). Defendant did not move to dissolve the Writ and did not respond to Garnishee's Answer. Plaintiff filed the motion at issue on March 21, 2022. (DE 22). Under Florida Statute 77.01, the "Judgment against the garnishee on the garnishee's answer . . . shall be entered for the amount of his or her liability as disclosed by the answer." Therefore, as Garnishee's Answer indicates that Defendant's account had a total of $1,902.67, I respectfully recommend that a final judgment of garnishment be entered in favor of Plaintiff and against Garnishee, in that amount.

## CONCLUSION

For the reasons stated above, I respectfully **RECOMMEND** that Defendant's Motion (DE 22) be **GRANTED** and a Final Judgment of **$1,902.67** be entered in favor of Plaintiff and against Garnishee.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 22nd day of March 2022.

Copies furnished to counsel via CM/ECF

Jared M. Strauss
United States Magistrate Judge